**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4345**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON A. PEREZ-MENDEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:03-cr-00341-WDQ)

———————

Submitted:  October 31, 2006      Decided:  November 14, 2006

———————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Marc Gregory Hall, MARC G. HALL, P.C., Rockville, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal is before the court after our limited remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Ramon Perez-Mendez appeals the 168-month sentence imposed after his conviction for conspiracy to distribute and to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 (2000). Perez-Mendez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal. Although he was informed of his right to file a pro se supplemental brief, Perez-Mendez has not filed a brief. We find that the district court properly applied the sentencing guidelines and that the sentence imposed is reasonable. We therefore affirm the sentence.

This court reviews the imposition of a sentence for reasonableness. Booker, 543 U.S. at 260-61; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. If the sentence imposed is within the advisory guideline range, it will be presumed to be a reasonable sentence. United States v. Green, 436

F.3d 449, 457 (4th Cir. 2006), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Here, the district court properly determined the applicable guideline range and, after consideration of the § 3553(a) factors, imposed a sentence within that range. We find that the resulting 168-month sentence is reasonable. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); <u>Green</u>, 436 F.3d at 457.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Perez-Mendez's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>